UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARSHA CWIKLINSKI,

                                      Plaintiff,                Case # 18-cv-1204-FPG

v.                                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

**INTRODUCTION**

On January 9, 2015, Plaintiff Marsha Cwiklinski protectively applied for Disability Insurance Benefits under Title II of the Social Security Act ("the Act"), alleging disability beginning February 18, 2014. Tr.[1] 104, 234-40. After the Social Security Administration ("SSA") denied her claim, Plaintiff appeared at a hearing before Administrative Law Judge Timothy Belford ("the ALJ"). Tr. 42-77. On August 9, 2017, the ALJ issued an unfavorable decision. Tr. 24-36. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff appealed to this Court.[2] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). EFC Nos. 9, 11. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

**LEGAL STANDARD**

**I.     District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 5.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g) and § 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits her to perform the requirements of her past relevant work; and (5) whether the claimant's RFC permits her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found Plaintiff had not engaged in gainful activity since the alleged onset date. Tr.

2

26. At step two, the ALJ found that Plaintiff had several severe impairments, including degenerative disc disease of the cervical and lumbar spine, degenerative joint disease in the right and left upper extremities, and status post fusion surgery. Tr. 26. The ALJ determined that Plaintiff's depressive disorder was not a severe impairment. Tr. 27. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 29.

Next, the ALJ determined that Plaintiff retains the RFC to perform light work, except that Plaintiff could only occasionally push, pull, and reach with her left upper extremity; occasionally climb, stoop, crawl, kneel, and crouch; frequently push, pull, and reach with her right upper extremity; and frequently balance. Tr. 29. The ALJ also limited Plaintiff to simple, routine tasks to accommodate her pain and mental health symptoms. Tr. 29.

## II. Analysis

Plaintiff argues that (1) in formulating the RFC, the ALJ gave too much weight to the opinions from non-treating medical sources, while discounting the opinions of other medical sources and (2) the ALJ erred in finding Plaintiff's depression to be non-severe at step two and failed to otherwise incorporate her mental health limitations into the RFC. The Court disagrees.

### A. The ALJ Properly Considered the Opinion Evidence

An ALJ must "evaluate every medical opinion he receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997) (citing 20 C.F.R. § 404.1527(c)). An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must

explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). The Court finds that the ALJ adequately explained his weighing of the medical opinion evidence here.

First, the ALJ gave "significant weight" to the opinion of medical consultant H. Blumenfeld, M.D. who opined on May 24, 2017 that Plaintiff would be limited in her ability to use her upper extremities but could sit and stand/walk for about 6-hours per day and would otherwise be able to perform light work. Tr. 679. In affording this opinion "significant weight," the ALJ recognized that Dr. Blumenfeld was an acceptable source and that the opinion was consistent with Plaintiff's mild to moderate examination findings, her subjective complaints, and the rest of the evidence in the medical record. Tr. 32.

Similarly, the ALJ afforded "great weight" to the opinion from consultative evaluator Samuel Balderman, M.D., who examined Plaintiff two years earlier on March 2, 2015. Dr. Balderman noted Plaintiff's mild to moderate left shoulder pain and her moderate cervical pain with accompanying reduced range of motion, but also observed her normal gait and ability to perform all tasks without assistance. Tr. 447-49. Based on her complaints and Dr. Balderman's observations, he opined that Plaintiff would have a mild limitation in repetitive pending and lifting but a moderate limitation in moving her head, and in reaching, pushing, and pulling with her left shoulder "for another four to six weeks." Tr. 449. The ALJ credited this opinion as it was consistent with Dr. Blumenfeld's opinion and was internally consistent with his physical examination findings, even if it was "a little vague." Tr. 33. Moreover, the ALJ acknowledged that Plaintiff's left shoulder condition *did* improve, as demonstrated in Dr. Blumenfeld's opinion two years later.

The ALJ properly evaluated these medical opinions. Most importantly, as the ALJ acknowledged, the opinions are consistent with the medical evidence in the record. Although Plaintiff experienced some periods of worsening symptoms, the record shows that Plaintiff's neck and left shoulder pain was consistently mild to moderate and, in some cases, appeared to slowly improve. Tr. 309-11, 313, 315, 329-59, 393-95, 400-07, 411-14, 425-30, 432-33, 437-39, 453-67, 524-32, 548-666. Indeed, in February 2015, Plaintiff's doctor indicated that "Marsha is doing exceptionally well after undergoing shoulder surgery in December." Tr. 471. That Dr. Blumenfeld's opinion addressed Plaintiff's limited functioning for a period of up to six weeks is of no moment because the ALJ appears to have adopted this more limited degree of functioning and incorporated it into the RFC, despite—as explained above and as predicted by Dr. Blumenfeld—that Plaintiff's functioning showed some signs of improvement over time.

Plaintiff quarrels with the "little weight" the ALJ provided to sources who would have limited Plaintiff's functioning more significantly. Occupational therapist Joseph J. Higgins, OTL, CWA opined on February 26, 2015 that Plaintiff would be limited to her then current 3-4 hour work day, in which she both sat and stood. Tr. 547. As the ALJ correctly explained, there is no medical support in the record for this extremely restrictive opinion. Tr. 33. Nor is it clear that Higgins, who is not an acceptable medical source, had any consistent treating relationship with Plaintiff.

Similarly, the ALJ gave "little weight" to statements from Plaintiff's treating doctor Zair Fishkin, M.D., Ph.D. who stated in 2015 that Plaintiff "remains disabled at this time as a result of this injury." Tr. 463. This statement is not an opinion of Plaintiff's functional limitations, but a passage from the treating notes reaching the ultimate issue in this case: whether Plaintiff is disabled. An ALJ need not accept a determination from a treating physician as to the ultimate

5

issue of whether plaintiff is disabled. *Snell v. Apfel*, 177 F.3d 128 (2d Cir. 1999). Nevertheless, "[a]n ALJ is not at liberty to reject such opinions simply because they reach the ultimate issue without analyzing what is behind those opinions or recontacting the physicians to have them translate their opinions into more appropriate terms." *Alvarez Rosario v. Comm'r of Soc. Sec.*, No. 17-CV-140, 2019 WL 1542285, at *4 (W.D.N.Y. Apr. 9, 2019) (noting that "100% disability" was an opinion on the ultimate issue reserved to the Commissioner, but concluding that ALJ did not adequately support decision to accord little weight to treating source opinion). The ALJ here rightly concluded that Dr. Fishkin's "opinion," in addition to reaching the ultimate issue, contradicted the medical evidence in the record, including from Dr. Fishkin's own treating notes.

Plaintiff tries to paint a different picture of her limitations by citing and quoting cherry-picked portions of the record. But "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Graham v. Berryhill*, 397 F. Supp. 3d 541, 550 (S.D.N.Y. 2019) (quoting another source). There was substantial evidence to support the ALJ's conclusions about the medical opinion evidence here.

### B. The ALJ Properly Concluded That Plaintiff's Mental Health Issues Were Non-Severe and He Incorporated Them Into the RFC

At step two, the ALJ concluded that Plaintiff's depression did not cause more than a minimal limitation in her ability to perform basic mental work activities, and therefore was non-severe. Tr. 27. Nevertheless, the ALJ limited Plaintiff to simple, routine work to account for any mental health limitations. Tr. 29.

"[T]he threshold for establishing a severe impairment at step two is extremely low and an ALJ should only deem an impairment non-severe if the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on an individual's ability to work."

6

*Monroe v. Berryhill*, 2018 WL 3912255, at *22 (S.D.N.Y. July 24, 2018) (quoting other sources). In other words, the "analysis at step two is a threshold test designed to screen out *de minimis*" or "totally groundless claims." *Benoit v. Saul*, No. 3:19-cv-00443 (WIG), 2019 WL 6001596, at *9 (D. Conn. Nov. 14, 2019); *Cooper v. Berryhill*, No. 17-CV-6782-JWF, 2019 WL 1233686, at *2 (W.D.N.Y. Mar. 15, 2019). Where a claimant produces some evidence of an impairment, the Commissioner may conclude that the impairment is non-severe only where the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 WL 56856, at *3 (1985).

As the ALJ recognized, the record shows that Plaintiff's depression would only have a minimal effect on her ability to work. There are no records of psychotherapy or any significant psychiatric deficits. An opinion from psychological consultant Robert J. Maiden, Ph.D. dated April 25, 2016 indicates only that Plaintiff had "[m]oderate depression and anxiety issues." Tr. 668. Maiden recommended that Plaintiff pursue counseling. But Maiden did not opine on Plaintiff's ability to function in the workplace. Therefore, it was not error for the ALJ to conclude that Plaintiff's mental health issues were non-severe.

Even if the ALJ did err in finding Plaintiff's depression non-severe at step two, any error was harmless. Courts in this Circuit employ a specialized harmless error analysis with respect to severity errors at step two:

> "[W]hen an administrative law judge identifies some severe impairments at Step 2, and then proceeds through [the] sequential evaluation on the basis of [the] combined effects of all impairments, including those erroneously found to be non severe, an error in failing to identify all severe impairments at Step 2 is harmless." *Snyder v. Colvin*, No. 5:13-CV-585 GLS/ESH, 2014 WL 3107962, at *5 (N.D.N.Y. July 8, 2014); *see also Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (step two error was harmless where all of the claimant's conditions "were considered during the subsequent steps"). "Specifically, when functional effects of

7

> impairments erroneously determined to be non-severe at Step 2 are, nonetheless, fully considered and factored into subsequent residual functional capacity assessments, a reviewing court can confidently conclude that the same result would have been reached absent the error." *Snyder*, 2014 WL 3107962 at *5.

*Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991 (MAT), 2018 WL 3751292, at *3 (W.D.N.Y. Aug. 7, 2018), *aff'd sub nom. Guerra v. Saul*, 778 F. App'x 75 (2d Cir. 2019). An ALJ is required to "consider the combined effect of all of [Plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. Moreover, it is at least plausible that non-severe psychological impairments could impact plaintiff's ability to work, especially when coupled with the physical limitations the ALJ did find severe. *Graham v. Berryhill*, No. 16-cv-6787-FPG, 2017 WL 5019274, at *3 (W.D.N.Y. Nov. 2, 2017).

Here, despite their vague contours, the ALJ expressly incorporated Plaintiff's mental health limitations into his RFC determination. He limited Plaintiff to "simple, routine tasks due to the combination of her pain and mental health symptoms." Tr. 29. Courts have concluded that such limitations, in contexts like these, account for a plaintiff's mental health limitations. *Gandino v. Comm'r of Soc. Sec.*, No. 5:17-CV-0042(WBC), 2018 WL 1033287, at *7 (N.D.N.Y. Feb. 22, 2018) ("Further, the ALJ's RFC determination fully accounted for the opinions of the consultative examiners limiting Plaintiff to simple, routine, and repetitive work."); *Pepper v. Comm'r of Soc. Sec.*, No. 7:13-CV-978 GLS, 2015 WL 3795879, at *3 (N.D.N.Y. June 17, 2015) (finding that any error at step two failing to find plaintiff's depression severe was harmless error because, while ALJ only mentions depression once in the written decision, he limited plaintiff to simple work and ability to follow simple instructions and make simple decisions).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is DENIED, the Commissioner's motion for judgment on the pleadings (ECF No. 11) is GRANTED, and the complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 9, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court